```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

Asiya Davila as mother and natural
guardian of, Musa Rodriguez, an infant
under fourteen years, and Asiya Davila,
individually,

                Plaintiffs,              CV-05-448 (CPS)

    - against -                          MEMORANDUM
                                         OPINION
                                         AND ORDER
Hugh Arley Wilkinson et al.,

                Defendants.
----------------------------------------X
```

SIFTON, Senior Judge.

Asiya Davila originally brought this action on behalf of herself and Musa Rodriguez, her child, against the defendants Hugh Arley Wilkinson, Gloria Valencia, Raphael Stimphil, Pierre Maiiline, "John/Jane" Yusef, "John/Jane" Hardy-Hunter, Peter Lipps, Frederick Staton, Jean Pickering, six "John/Jane Does," Brooklyn Plaza Medical Center, and Interfaith Medical Center in New York Supreme Court, Kings County, on August 23, 2004. The complaint alleges the following three claims for relief: 1) medical malpractice; 2) lack of informed consent; and 3) loss of services, support, and society of Musa Rodriguez.

On January 26, 2005, in a notice of removal Kelly Horan, Assistant United States Attorney for the Eastern District of New York certified that Brooklyn Plaza Medical Center was a Public Health Service Employee under 42 U.S.C. § 233(h)[1], and thus an

---

[1] 42 U.S.C. § 233(h) provides:

(continued...)

employee of the United States for purposes of the Federal Tort Claims Act. Horan further certified that Staton and Pickering were federal employees acting within the scope of their duties pursuant to 42 U.S.C. § 233(c).[2] Horan removed this action

---

[1](...continued)
(h) Qualifications for designation as Public Health Service employee

The Secretary may not approve an application under subsection (g)(1)(D) of this section unless the Secretary determines that the entity--

**(1)** has implemented appropriate policies and procedures to reduce the risk of malpractice and the risk of lawsuits arising out of any health or health-related functions performed by the entity;

**(2)** has reviewed and verified the professional credentials, references, claims history, fitness, professional review organization findings, and license status of its physicians and other licensed or certified health care practitioners, and, where necessary, has obtained the permission from these individuals to gain access to this information;

**(3)** has no history of claims having been filed against the United States as a result of the application of this section to the entity or its officers, employees, or contractors as provided for under this section, or, if such a history exists, has fully cooperated with the Attorney General in defending against any such claims and either has taken, or will take, any necessary corrective steps to assure against such claims in the future; and

**(4)** will fully cooperate with the Attorney General in providing information relating to an estimate described under subsection (k) of this section

[2] 42 U.S.C. § 233(c) provides in part:

Upon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States of the district and division embracing the place wherein it is pending and the proceeding deemed a tort action brought against the United States under the provisions of Title 28 and all references thereto.

pursuant to 28 U.S.C. § 2679(d)[3] and 42 U.S.C. § 233(c), and purported to substitute the United States as the party defendant for Staton, Pickering, and the Medical Center.

Presently before the Court is the Government's motion to dismiss the claims against it pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) on the grounds that the plaintiffs have not exhausted their administrative remedies as required by the Federal Tort Claims Act, 28 U.S.C. §§ 2401(a), 2675(a).[4] The plaintiffs have informed the Court that they do not oppose the motion. For the reasons that follow, the motion is granted and the case is remanded to New York Supreme Court, Kings County.

## Discussion

28 U.S.C. § 2679(b)(1) of the FTCA provides that a suit

---

[3] 28 U.S.C. § 2679(d)(1) provides:

Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

[4] 28 U.S.C. § 2675(a) provides in part:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

against the United States is the exclusive remedy for damages for injury "resulting from the negligent or wrongful act or omission of an employee of the Government while acting within the scope of his office or employment." 42 U.S.C. § 233(g) public or non-profit private neighborhood health centers receiving federal funds are Federal Public Health Service ("PHS") employees for certain purposes. *Celestine v. Mount Vernon Neighborhood Health Cent.*, 289 F. Supp. 2d 392, 395 (S.D.N.Y. 2003). The FTCA is the exclusive remedy for specified actions against PHS employees. *Id.*

Substitution

"Once the Attorney General of the Attorney General's designee has certified 'that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action . . . shall be deemed an action . . . against the United States and the United States shall be substituted as the party defendant.' " *Celestine v. Mount Vernon Neighborhood Health Cent.*, 289 F. Supp. 2d 392, 398 (S.D.N.Y. 2003) (quoting 28 U.S.C. § 2679). Substitution under these circumstances is mandatory. Thus, the United States is substituted as the defendant in place of Staton, Pickering, and Brooklyn Plaza Medical Center.

Exhaustion of Administrative Remedies

The Federal Tort Claims Act operates as a conditioned waiver of sovereign immunity. One such condition is that the plaintiff must first file an administrative claim with the appropriate

federal agency before suing for relief. *Adeleke v. United States*, 355 F.3d 144 (2d Cir. 2004). The exhaustion requirement is jurisdictional. *Porter v. Hirsch*, 345 F. Supp. 2d 400, 403 (S.D.N.Y. 2004).

The Government submits the affidavit Richard Begeron, Senior Attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services. Bergeron states that he has examined the Department's records, which reveal the plaintiffs have not filed an administrative claim. Bergeron further states that Brooklyn Plaza Medical Center was first deemed eligible for FTCA coverage effective September 13, 1996, and that status has continued without interruption to the present time. According to Bergeron, Department of Health and Human Services records also indicate that Staton and Pickering were employees of the Medical Center at all relevant times. There is no other evidence before the Court suggesting that plaintiffs have exhausted their administrative remedies. Those claims originally filed against Staton, Pickering, and Brooklyn Plaza Medical Center, now against the United States by virtue of substitution, are dismissed without prejudice.

Subject Matter Jurisdiction as to Claims Against the Remaining Defendants

Dismissal of the claims against the United States eliminates the only basis for this Court's exercise of subject matter jurisdiction over the claims against the remaining defendants. The basis for removal of this action from state court was the

claim against the federal defendants, which was in effect a claim against the United States under the FTCA. Consequently, because there is no original federal subject matter jurisdiction, the case is remanded to the New York State Supreme Court, Kings County. *See Porter*, 345 F. Supp. 2d at 404.

## Conclusion

For the reasons stated, the United States is substituted as defendant in place of Staton, Pickering, and Brooklyn Plaza Medical Center. The claims against the United States are dismissed without prejudice. As to the claims against the remaining defendants, this action is remanded to New York State Supreme Court, Kings County.

The Clerk is directed to furnish a filed copy of the within to all parties and to the magistrate judge, and to remand the case to New York Supreme Court, Kings County.

SO ORDERED.

Dated : Brooklyn, New York
May 19, 2005

By: /s/ Charles P. Sifton (electronically signed)
United States District Judge